IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL TYLER, | : | CIVIL ACTION NO. **1:CV-12-1203** |
| Petitioner | : | (Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| DAVID A. VARANO, *et al.*, | : | |
| Respondents | : | |

## **REPORT AND RECOMMENDATION**

**I. Background.**

On June 25, 2012, Petitioner, Michael Tyler, formerly an inmate at the State Correction Institution Coal Township ("SCI-Coal Twp."), Coal Township, Pennsylvania, and now deceased, filed *pro se*, this 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus. (Doc. 1). Petitioner attached exhibits to his habeas petition. Petitioner paid the required filing fee. Petitioner was confined at SCI-Coal Twp. located in the Middle District of Pennsylvania and, thus, this District Court had jurisdiction over his habeas petition. *See Rumsfeld v. Padilla*, 124 S. Ct. 2711, 2718, 2722 (2004) (habeas jurisdiction rests in the district of confinement). Petitioner claimed that even though the Pennsylvania Board of Probation and Parole ("the Board") issued a decision paroling him into a Community Corrections Center ("CCC"), the Pennsylvania Department of Corrections ("DOC") would not give him a date on which he could be released on parole to a CCC (*i.e.*, a bed date) until he had an approved home plan. Petitioner contended that a home plan was not a requirement for release to a CCC when the Board entered its decision to parole him. Thus, Petitioner claimed that the

procedures used by the DOC and the Board with respect to giving inmates who were sex offenders and violent offenders, such as himself, a bed date in a specialized CCC with prevention programming were unconstitutional since they denied him due process, equal protection and violated the *Ex Post Facto* Clause.  In his habeas petition, Petitioner requested that the Court order his release to a CCC.

On June 27, 2012, the Court issued a Show Cause Order and directed Respondents to respond to the habeas petition. (Doc. 3).  On July 17, 2012, the Court granted Respondents' request for an extension of time and directed Respondents to file their response to the habeas petition by August 31, 2012.  (Docs. 7 & 8).

On August 28, 2012, Respondents[1] filed a "Suggestion of Death of Petitioner" as well as their Response to the habeas petition, an Appendix and an Opposition Brief.  (Docs. 9, 10, 11 and 12).  In their "Suggestion of Death of Petitioner," Respondents state that Petitioner Tyler died on August 27, 2012, of natural causes. (Doc. 9).  The undersigned's Chambers contacted DOC officials at SCI-Coal Twp. on August 30, 2012,  and confirmed that Petitioner Tyler, DOC Inmate No. BM2751, was deceased.   The record is now clear that Petitioner is no longer in DOC's custody and thus, we issue this Report and Recommendation and recommend that his habeas petition be dismissed as moot.  Since we find that Petitioner's habeas petition is now moot, we shall not detail any further the factual background with respect to Petitioner's present claims.

---

[1] We note that David Varano, Superintendent at SCI-Coal Twp., was the correct Respondent in this habeas petition since he had custody of Petitioner. *See* 28 U.S.C. § 2242 and §2243.

**II. Discussion.**

As mentioned, Respondents state in their "Suggestion of Death of Petitioner" that Petitioner Tyler died on August 27, 2012, of natural causes. (Doc. 9). DOC officials at SCI-Coal Twp. confirmed that Petitioner Tyler had passed away.

To the extent a state prisoner claims that his present confinement in prison is illegal and, to the extent he challenges the length of his confinement in prison and seeks his immediate release, the prisoner may file a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *See Defoy v. McCullough*, 393 F.3d 439, 441-442 (3d Cir. 2005); *McGee v. Martinez*, 627 F.3d 933, 936 (3d Cir. 2010). The Supreme Court has held that a civil rights action is a proper remedy for a prisoner who claims that his conditions of confinement violate the Constitution, and that a habeas petition is the remedy for a prisoner who is challenging the fact or length of his custody. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *see also Boykin v. Siena House Gaudenzia Program*, 464 F.Supp.2d 416, 424 (M.D. Pa. 2006)(it is well-settled that prisoners can file a habeas petition to challenge the fact or duration of their confinement or to seek immediate or speedier release)(citing *Preiser*, 411 U.S. at 499).

Insofar as Petitioner was attacking his continued confinement in SCI-Coal Twp. as illegal and in violation of his constitutional rights and insofar as he implicated relief that would alter the term of his confinement in prison, Petitioner properly filed a § 2254 habeas petition after exhausting his state court remedies.[2] *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (Per Curiam); *Leamer v. Fauver*,

---

[2]Respondents do not dispute that Petitioner exhausted his state court remedies prior to filing his habeas petition. (Doc. 10, p. 1, ¶ 1).

288 F.3d 532, 540 (3d Cir. 2002)(the habeas petition "is the only available avenue of relief" "where the deprivation of rights is such that it necessarily impacts the fact or length of detention."); *McGee, supra*. The Third Circuit has held that an action lies in habeas if granting the petition would "necessarily imply" a change to the fact, duration, or execution of the Petitioner's sentence. *See McGee, supra*.

In his habeas petition, Petitioner sought only his release from DOC's custody and placement into a CCC. We find that since Petitioner is deceased, his habeas petition is now moot. We find that Petitioner can no longer satisfy the case or controversy requirement of Article III, Section 2 of the United States Constitution since he no longer has a "personal stake in the outcome" of the case. *See Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78, 110 S.Ct. 1249 (1990); *Rosetti v. Shalala*, 12 F.3d 1216, 1223 (3d Cir. 1993)(Article III of the Constitution provides that the 'judicial Power' of the United States shall extend to "Cases' and 'Controversies.'"). Petitioner is no longer suffering or threatened by actual injury caused by Respondents. *Lewis v. Continental Bank Corp.,* 494 U.S. at 477("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision ... .")(citations omitted). Thus, we find that Petitioner's present challenge to his continued custody by DOC and his continued detention at SCI-Coal Twp. without releasing him to a CCC is moot since Petitioner has died and, we find Petitioner's habeas petition should be dismissed. *See Rosetti v. Shalala*, 12 F.3d at 1223("Article III does not permit federal courts to decide moot cases.").

In *Spencer v. Kemna*, 523 U.S. 1 (1998), the Supreme Court found that a petitioner's release in and of itself did not render moot his habeas petition. Rather, the Court stated that "[t]he more

substantial question ... is whether petitioner's subsequent release caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Id*. at 7.  In the present case, Petitioner sought habeas relief only seeking release from DOC's custody to a CCC and he claimed that the DOC and the Board violated his constitutional rights by subjecting him to a requirement that he had to have an approved home plan before he was given a bed date which was not required when he was granted parole. Thus, Petitioner claimed he was being unlawfully detained by the DOC and the Board at SCI-Coal Twp. after the Board issued its decision granting him parole.  The question arises as to whether Petitioner's claims are moot since he is now deceased.  In *Spencer*, the Court stated that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit.  This means that, throughout the litigation, the Plaintiff must have suffered, or be threatened with, an actual injury traceable to the Defendant and likely to be redressed by a favorable judicial decision." *Id*.(citations omitted).

     The case or controversy requirement of Article III, Section 2 of the United States Constitution must be present through all stages of federal judicial proceedings. Parties must continue to have a " 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-78; *Preiser v. Newkirk,* 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975).   Simply put, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant. *Lewis,* 494 U.S. at 477.   Thus, the power of a federal court to adjudicate a matter depends upon "the *continuing* existence of a live and acute controversy." *Steffel v. Thompson,* 415 U.S. 452, 459, 94 S.Ct. 1209 (1974)(emphasis in original). "The rule in federal cases is that  an actual controversy must be extant at all stages of review, not merely at the time the

complaint is filed." *Id.* at n. 10 (citations omitted). "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese,* 622 F.Supp. 1451, 1462 (S.D.N.Y.1985) (citing *O'Shea v. Littleton,* 414 U.S. 488, 495-96, 94 S.Ct. 669, 38 (1974)).

Since Petitioner Tyler is no longer confined at SCI-Coal Twp. "some 'collateral consequences' of the conviction ... must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Because Petitioner Tyler is no longer being detained at SCI-Coal Twp. by the DOC, his habeas petition is moot. The relief Petitioner requested, *i.e.* for the Court to order his immediate release from DOC custody and placement into a CCC, cannot be granted by the Court in light of his recent death. We find that Petitioner no longer has a case or controversy before this Court, since he does not presently have any adverse effects regarding his prior detention by the DOC due to his death on August 27, 2012. *See Lockhart v. McCree*, 476 U.S. 162, 168 n. 2, 106 S.Ct. 1758 (1986); *McMann v. Richardson*, 397 U.S. 759, 760 n. 1, 90 S.Ct. 1441 (1970); *In re Kravitz*, 504 F.Supp. 43, 45 (M.D. Pa. 1980)("Neither the stigma of murder conviction not the pecuniary loss to [Petitioner's] estate invest the deceased habeas applicant's collateral challenge to the validity of [her] conviction with the 'live controversy' necessary to sustain this court's limited subject-matter jurisdiction."

Accordingly, we find that Petitioner's death truly constitutes an end to his detention. Petitioner is no longer threatened with any actual injury traceable to Respondents and likely to be redressed by a favorable decision by this Court. Thus, there is no longer any case or controversy presented by Petitioner's habeas corpus petition. We therefore conclude that Petitioner's habeas petition should be dismissed as moot. *See In re Kravitz, supra; Cox v. McCarthy*, 829 F.2d 800,

802-03 (9th Cir.1987) (A petition for habeas corpus becomes moot when a prisoner is released on parole before the court addresses the merits where being paroled leaves no relief possible).

We find that, based on the above discussion, Petitioner's habeas petition is moot regarding his attack on his alleged unconstitutional confinement in SCI-Caol Twp. by the DOC. Because Petitioner's habeas claims are now moot, we shall recommend that Petitioner's habeas petition be dismissed.

## III. Recommendation.

Based on the foregoing, it is respectfully recommended that Petitioner's Habeas Petition **(Doc. 1)** be dismissed as moot.

     **s/ Thomas M. Blewitt**
     **THOMAS M. BLEWITT**
     **United States Magistrate Judge**

**Dated: August 31, 2012**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL TYLER, | : | CIVIL ACTION NO. **1:CV-12-1203** |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| DAVID A. VARANO, *et al.*, | : | |
| | : | |
| | : | |
| | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **August 31, 2012.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the

basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                       **s/ Thomas M. Blewitt**
                                       **THOMAS M. BLEWITT**
                                       **United States Magistrate Judge**

**Dated: August 31, 2012**